WEIMER, J.
dissenting
hi respectfully dissent.
This matter tests this court’s commitment to the ancient and bedrock principle that a court must apply the law as written by the legislature and that the court.is bound by the words the legislature enacted.[1] Rather than deviate from that bedrock principle, and precisely because the sex offender registration and notification provisions of La. R.S. 15:540 et seq. apply by their plain language to persons convicted of certain sex offenses but not to persons found not guilty by reasons of insanity, I would find the district court correctly determined it was the proper forum to hear respondent’s claim and in ruling that respondent was under no obligation to register.
As the majority acknowledges, La. R.S. 15:544.1 establishes procedures for challenging the registration and notification requirements “as they apply to a particular offender convicted of or adjudicated delinquent for a sex offense” and | ¡¿further establishes venue for that challenge in the 19th J.D.C. Similarly, La. R.S. 15:542(A) requires “[a]ny adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit” certain sex offenses and criminal offenses against a minor victim, as further specified within other provisions, to register and provide notification. The majority recognizes that the prerequisite there be a conviction not only.appears in these two provisions but permeates the entire sex offender registration and notification law. The majority finds, however, based on the definition of “conviction or other disposition adverse, to the subject” provided in La. R.S. 16:542(7), that the word “conviction”—in each instance in which it appears in the sex offender registration and notification law—is synonymous with an acquittal due to a finding of not guilty by reasons of insanity.
The majority bases that conclusion on two brief references that appear in the legislative statement of purpose provided in La. R.S. 15:540—references to “incarceration or commitment” and “the penal and mental health components of our justice system”—as indicating a clear legislative intent that persons found not guilty of a sex offense by reason of insanity should be treated identically as those convicted of a sex offense. Notably, however, no explicit statement- of that proposition' appears in La. R.S. 15:540, and as to the purpose of those two brief references this court can only speculate.
Regardless, statutory interpretation begins not with speculation as to what the legislature might have intended; statutory interpretation begins “as [it] must, with the language of the statute.” Bailey v. United States, 516 U.S. 137, 143, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). “Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning.” State v. Oliphant, 12-1176, p. 5 *394 (La. 3/19/13), 113 So.3d 165, 168; see also Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (“In any event, canons of construction are no more than rules of thumb to help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: ‘judicial inquiry is complete.’ ” (citations omitted)).
In Louisiana, “convicted” means adjudicated guilty after a plea or after a trial on the merits. La. C.Cr.P. art. 934(3). Louisiana, unlike some other states, does not provide for a verdict in criminal cases of guilty but mentally ill. See generally State v. Branch, 99-1484 (La. 3/17/00), 759 So.2d 31; see also Judith A. Northrup, Guilty but Mentally Ill: Broadening the Scope of Criminal Responsibility, 44 Ohio St. L.J. 797 (1983) (distinguishing “guilty but mentally ill” from “not guilty by reason of insanity” and discussing the history of the insanity defense). While the legislature is free to define conviction for purposes of the sex offender registration and notification law to include an acquittal by reason of the insanity,[2] the majority’s conclusion that the legislature has done so in La. R.S. 15:541(7) is mistaken.
^Appearing in the definitions section of the sex. offender registration and notification law, La.R.S. 15:541(7) provides:
“Conviction or other disposition adverse to the subject” means any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be considered a disposition adverse to the subject.
As is readily apparent from its plain language, the statute defines a term—conviction or other disposition adverse to the subject—to, among other things, exclude an acquittal “except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed.” Having defined the term “conviction or other disposition adverse to the subject,” the legislature proceeds to use it twice in the remainder of the sex offender registration and notification law: in La. R.S. 15:541(8) and (19). The former defines a “conviction record” to include “criminal history record information relating to an incident which has led to a conviction or other disposition adverse to the subject.” The latter defines “nonconviction data” to include “all criminal history record infor *395 mation relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending.” Conviction records and nonconviction data are the subject of rules pertaining to the dissemination of information by criminal justice agencies, which are beyond the scope of the present case. It suffices to say the legislature defined a term, i.e. “conviction or other disposition adverse to the subject” in the definitions section and then utilized it elsewhere in this law, as is to be expected. Notably absent, however, is any use of the term “conviction or other disposition adverse to the subject” in La. R.S. 15:542 (when it declares who is obligated to register) or La. R.S. 15:544.1 (when it provides a mechanism and a forum- for disputing the registration requirements), which refer to conviction.
| ¡¡When a term used in a statute is undefined, as conviction is here, it is to be given its ordinary meaning. See FDIC v. Meyer, 510 U.S. 471, 476, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) (“In the absence of such a definition, we construe a statutory term in accordance with its ordinary or natural meaning.”). Furthermore, as stated emphatically by the United States Supreme Court and reproduced above, “[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.” As this court has found, “‘[wjhen a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written with no further interpretation made in search of legislative intent.’ ” State v. Williams, 10-1515, p. 6 (La. 3/15/11), 60 So.3d 1189, 1192 (quoting Cat’s Meow v. City of New Orleans, 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198). No absurdity is apparent in applying this law as it is written. To the contrary, the majority’s finding that all persons found not guilty by reason of insanity of a sex offense must register without regard to any individual determination as to their ability to comply with the law or any individual assessment of their danger to the community skirts far closer to an absurd consequence than applying the plain and unequivocal language of the statute. In the first place, such an individualized assessment appears quite feasible under current law. Specifically, La. C.Cr.P. art. 657.1(B) authorizes the conditional discharge from inpatient treatment of an insanity acquit-tee subject to “such orders and conditions it seems will best meet the acquittee’s need for treatment, supervision, and monitoring and will best serve the interests of justice and society.” Such broad grant of authority to the district court would appear to include the authority to order the insanity acquittee to comply with part or all of the sex offender registration and notification provisions, as deemed by the district court to meet that person’s capabilities, need for supervision and monitoring, and to best serve the interests of society. | fiIn contrast with this sensible and individualized approach, the majority’s position potentially sanctions a Kafkaesque scenario whereby a person who is found not guilty of a sex offense by reason of insanity and fails to register must present another insanity defense, this one to the felony charge of failure to register (and presumably another when he fails to register after that, and another, with no end in sight).[3] Such a result is evocative of the *396 old saying (attributed to many, including both Benjamin Franklin and Albert Einstein), “Insanity is doing the same thing over and oyer and expecting different results.” It also disregards the reality that, while legal insanity or impossibility may be a, valid defense, to a charge of failure to register, a defendant typically only prevails on a defense after being subjected to a potentially lengthy pretrial incarceration (which can result in the loss of employment and housing), and enduring substantial distress. A severely and chronically mentally ill person, such as the respondent in this case, would appear particularly ill-suited to endure that process, which could be why the legislature drafted .the sex offender registration and notification law in a manner that, while allowing dissemination of information by criminal justice agencies pertaining to persons found hot guilty by reason of insanity, does not impose the onerous registration and notification requirements on them; But, as noted above, no inquiry into legislative intent is appropriate when the language of the statute is clear.
The majority’s conclusion that La. R.S. 15:541(7) defines conviction to be synonymous with a finding of not guilty by reason of insanity for the purposes of La. R.S. 15:542 and 15:544.1 is also in conflict with another provision of the sex offender registration and notification law. The provision that authorizes the release 17of information by criminal justice agencies and provides for civil immunity, La. R.S. 15:546, provides in Part (B)(1):
An elected official, public employee, public agency, or 'criminal justice agency shall be immune from civil liability for damages for any discretionary decision to release relevant and necessary information, unless it is shown that the official, employee, or agency acted with gross negligence or in bad faith. The authorization and immunity in this Chapter apply to information regarding:
(a) A person who has been convicted of a sex offense or criminal offense against a victim who is a minor, or who has been determined to be a sexually violent predator as defined in this Chapter.
(b) A person found not guilty by reason of insanity of a sex offense or criminal offense against a victim who is á minor.
(c) A person found incompetent to stand trial for a sex offense or criminal offense against a victim who is a minor and subsequently committed to a treatment facility or institution or hospital.
Added by Acts 1992, No. 388, § 1. Amended by Acts 1997, No. 1147, § 1. If “a person who has been convicted of a sex offense” is synonymous with “a person found not guilty by reason of insanity of a sex offense” then La. R.S, 15:546(B)(l)(b) is wholly superfluous. See In re Succession of Boyter, 99-0761, p. 9 (La. 1/7/00), 756 So.2d 1122, 1129 (“Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided.”). In addition, the written notification form, provided in the sex offender registration arid notification law, and to be used by ■ courts to provide the offender with the information necessaiy to be aware of his registration obligation and how to fulfil that obligation, makes no reference to persons found not *397 guilty by reason of insanity. Instead, it indicates that the offender has “pled guilty to, been found guilty of, or been adjudicated delinquent of’ an offense that requires registration. See La. R.S. 15:543.1.
Presuming the legislature said in the sex offender registration and notification law what it meant and meant in that law what it said, I respectfully decline to follow the majority’s lead and delve into legislative intent when the | slanguage of the law is unequivocal. Under the plain the language of La. R.S. 15:541(7), 15:542, and 15:544.1, respondent, who was found not guilty of attempted rape in 1986 by reason of insanity, committed for treatment, and now lives in a supervised living facility where he cooperates fully with treatment and shows no indication that he presents a risk to the public, is neither obliged to register as a sex offender nor is required to seek a declaration that he is not so required in the 19th J.D.C. Therefore, I would find the district court correctly declined the state’s request to rescind that court’s ruling that respondent is under no obligation to register as a sex offender, and the court of appeal correctly unanimously denied writs.

. See, e.g., State v. Williams, 37 La.Ann, 776, 777 (1885) ("Courts cannot safely hold that the Legislative intent is not conveyed by the words used in a statute, unless the words or the language to be construed are glaringly ambiguous or clearly redundant.”); see also Castrique v. Page, (1853) 138 Eng. Rep. 1278, 1280 (C.B.) (Jervis, C.J.) (describing this principle as "the golden rule of statutory construction” and noting that the court was not “at liberty to speculate as to what would be most conducive to the benefit of the public, and as to'the reasons which induced the legislature to'enact as they have done, instead of endeavoring to put a construction upon the words we find, .... ”).

. For example, the .legislature did so for purposes of the arson registry:
"Conviction” means any disposition of charges adverse to the defendant, including a plea of guilty, deferred adjudication, adjudication withheld for the perpetration or attempted perpetration of or conspiracy to commit an offense involving arson. "Conviction” shall not include a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be included in the definition of "conviction” for purposes of this Chapter.
La.R.S. 15:562.1(1). That definition is significantly different from the definition provided in La.R.S. 15:541(7), which is reproduced and discussed at length herein. It should also be noted that it is a far simpler matter to comply with the arson registration requirements than the much more onerous registration and notification requirements imposed on sex offenders.

. The idea that a defendant might prevail on a repeated series of insanity defenses is used rhetorically here only to illustrate the point. Given the difficulty of ever mounting a successful insanity defense, see generally Ira Mickenberg, A Pleasant Surprise: the Guilty But Mentally III Verdict has Both Succeeded in Its Own Right and Successfully Preserved the *396 Traditional Role of the Insanity Defense, 55 U. Cin. L, Rev. 943, 968-69 (1987) (reviewing studies showing insanity defense rarely used and increasingly rarely successful), repeatedly prevailing on an insanity ■ defense seems extremely unlikely. The more likely outcome seems that the application of the sex offender registration and notification law, as sanctioned by the majority, would simply result in the eventual incarceration of persons found not guilty of a sex offense by reason of insanity,